```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION
```

| | |
|---|---|
| DARRELL BURDITT, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | §   CIVIL ACTION NO. H-13-1070 |
| | § |
| DANIEL LEEDY, et al., | § |
| | § |
| Defendants. | § |

## MEMORANDUM, RECOMMENDATION, AND ORDER

Pending before the court[1] are Defendants' Motion to Dismiss (Doc. 7), Defendants' Supplemental Motion to Dismiss (Doc. 11), Plaintiff's Motion for a More Definite Statement (Doc. 12), Plaintiff's Motion for Summary Judgment (Doc. 16), and Plaintiff's Motion to Stay Proceedings (Doc. 26). The court has considered the motions, the responses, all other relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that Defendants' motions be **GRANTED** and Plaintiff's motion for summary judgment be **DENIED**. The court further **DENIES** Plaintiff's motion for a more definite statement and motion to stay.

### I. Case Background

**A. Factual Background**

Plaintiff filed this civil rights action seeking to set aside a state court conviction and recover damages related to Plaintiff's entering a plea of nolo contendere to a charge of driving without a license.

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. Doc. 23.

Plaintiff was issued a Texas driver's license in May 1983, which was last renewed in April 2000 and expired in April 2005.[2] Plaintiff's license was suspended indefinitely on January 2, 2007.[3] On January 3, 2011, Plaintiff was arrested for driving with a suspended license and without proof of insurance.[4] Following his arrest, the arresting officer completed and signed a criminal complaint, and a non-party Assistant District Attorney signed a criminal information, charging Plaintiff with the Class B misdemeanor offense of driving with a suspended license without proof of insurance.[5]

During a pre-trial court appearance in the Austin County Court at Law on April 14, 2011, Defendant Assistant District Attorney Brandy Davidson ("Davidson") offered Plaintiff a plea bargain, pursuant to which the Class B misdemeanor charge would be reduced to a Class C misdemeanor offense of driving without a license.[6] That day, Plaintiff pled nolo contendre to the Class C offense and received a $50.00 fine.[7] Defendant Austin County Court at Law Judge

---

[2] Doc. 11-1, Ex. A to Defs.' Supplement to Mot. to Dismiss, Pl.'s Driving Record.

[3] Id. 1-2.

[4] See Doc. 1, Pl.'s Compl. ¶¶ 15-17; Doc. 11-2, Ex. B to Defs.' Supplement to Mot. to Dismiss, Complaint.

[5] See Doc. 11-2, Ex. B to Defs.' Supplement to Mot. to Dismiss, Complaint; Doc. 11-3, Ex. C to Defs.' Supp. to Mot. to Dismiss, Information; Doc. 1, Pl.'s Compl. ¶ 19.

[6] Doc. 1, Pl.'s Compl. ¶¶ 27-29.

[7] Doc. 11-4, Ex. D to Defs.' Supplement to Mot. to Dismiss, Judgment and Sentence.

Daniel Leedy ("Judge Leedy") signed the final judgment.[8]

Burditt failed to pay the $50.00 fine and received a notice dated May 17, 2012, that an arrest warrant would issue if he did not pay the fine.[9]  The record does not reflect whether the warrant was issued.

**B.   Procedural Background**

Plaintiff, proceeding pro se, filed this action on April 15, 2013, alleging civil rights violations and fraud on the court pursuant to Fed. R. Civ. P. 60.[10]  Plaintiff sued Judge Leedy and Davidson in their individual capacities and Defendant Travis Koehn ("Koehn") in his official capacity as the Austin County District Attorney.

Defendants filed a motion to dismiss on September 3, 2013.[11]  On September 5, 2013, the court ordered that Defendants' motion would be considered as a motion for summary judgment.[12]  Defendants filed a supplement to their motion on September 10, 2013.[13]  Plaintiff filed "Supplemental Information that the Court Should Consider" on September 16, 2013.[14]  Defendants filed a reply in support of their

---

[8]   Id.

[9]   Doc. 11-5, Ex. E to Defs.' Supplement to Mot. to Dismiss, Arrest Warrant Notice; Doc. 1, Pl.'s Compl. ¶ 35.

[10]  Doc. 1, Pl.'s Compl.

[11]  Doc. 7, Defs.' Mot. to Dismiss.

[12]  Doc. 9, Order Dated Sept. 5, 2013.

[13]  Doc. 11, Defs.' Supplement to Mot. to Dismiss.

[14]  Doc. 13, Pl.'s Supplement.

motion on September 20, 2013.[15] Plaintiff filed a motion for summary judgment on September 24, 2013, to which Defendants responded on September 30, 2013.[16] Plaintiff filed a motion to stay the proceedings on December 12, 2013.[17]

## II. Summary Judgment Standard

Summary judgment is warranted when the evidence reveals that no genuine dispute exists regarding any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Brown v. City of Houston, Tex., 337 F.3d 539, 540-41 (5th Cir. 2003). A material fact is a fact that is identified by applicable substantive law as critical to the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Ameristar Jet Charter, Inc. v. Signal Composites, Inc., 271 F.3d 624, 626 (5th Cir. 2001). To be genuine, the dispute regarding a material fact must be supported by evidence such that a reasonable jury could resolve the issue in favor of either party. Anderson, 477 U.S. at 250; TIG Ins. Co. v. Sedgwick James of Wash., 276 F.3d 754, 759 (5th Cir. 2002).

---

[15] Doc. 14, Defs.' Reply in Supp. of Mot. to Dismiss.

[16] Doc. 16, Pl.'s Mot. for Summ. J.; Doc. 17, Defs.' Resp. to Pl.'s Mot. for Summ. J. Plaintiff also filed a "Motion to Correct Heading or Style of this Case with Respect to Court's Jurisdiction" and a "Motion for the Court to Obey and Adhere to [two Supreme Court Decisions]." Doc. 18, Pl.'s Mot. to Correct Heading; Doc. 20, Pl.'s Mot. for Ct. to Obey Decisions. The court considers these motions as supplemental briefing to Plaintiff's motion for summary judgment.

[17] Doc. 26, Pl.'s Mot. to Stay. Plaintiff moved to stay on the basis that "it is apparent to the Plaintiff that the Judge . . . in this case has willfully committed Treason against the Constitution of the United States." Plaintiff subsequently filed "Supplemental Information for the Court to Determine the Merits of the Motion for Resignation [of the Judge]." The court considers this motion as a supplemental briefing to Plaintiff's motion to stay.

**III. Analysis**

Although vague, Plaintiff's complaint pleads claims under 42 U.S.C. § 1983 ("Section 1983") and 42 U.S.C. § 1985 ("Section 1985") arising out of Judge Leedy's acceptance of Plaintiff's nolo contendre plea, a claim under Section 1983 against Koehn for his failure to train and supervise his employees, and a fraud on the court claim against Judge Leedy. Plaintiff's claims are based on Defendants allegedly having caused Plaintiff "to be subjected to answer or to be tried by a criminal court that lacks jurisdiction over the [s]ubject matter."[18]

The facts of this case are not in dispute. The legal issues before the court are whether the court has jurisdiction over Plaintiff's claims under Sections 1983 and 1985 and whether Plaintiff has sufficiently alleged a claim of fraud on the court. Both Plaintiff and Defendants move for summary judgment as to all claims.

**A.   Jurisdiction Over Claims Under Sections 1983 and 1985**

Defendants contend that Plaintiff's claims under Sections 1983 and 1985 constitute impermissible collateral attacks on a state court conviction. The court agrees.

The Rooker-Feldman doctrine holds that federal courts lack jurisdiction to entertain collateral attacks on state court judgments. See Liedtke v. State Bar of Texas, 18 F.3d 315, 317-18 (5th Cir. 1994); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462

---

[18]   Doc. 1, Pl.'s Compl. p. 2.

(1983). "If a state trial court errs the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court. Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court." Liedtke, 18 F.3d at 317.

"A federal complainant cannot circumvent this jurisdictional limitation by asserting claims not raised in state court proceedings or claims framed as original claims for relief." U.S. v. Shepherd, 23 F.3d 923, 924 (5th Cir. 1994). If the district court is confronted with issues that are "inextricably intertwined" with issues decided by a state judgment, they are, in essence, being called upon to review the state-court decision. Id. at 924 (quoting Feldman, 460 U.S. at 482 n.16). The originality of the district court's jurisdiction precludes such a review. Id.

For example, in Liedtke, Leidtke filed suit against the State Bar of Texas for allegedly violating his civil rights through disciplinary proceedings brought against him in state court. Liedtke, 18 F.3d at 316-17. The Fifth Circuit held that the federal court did not have subject matter jurisdiction, stating that "[c]onstitutional questions arising in state proceedings are to be resolved by the state courts." Id. at 317. The casting of a "complaint in the form of a civil rights action cannot circumvent this rule, as absent a specific delegation 'federal district court[s], as court[s] of original jurisdiction, lack[] appellate jurisdiction to review, modify, or nullify final order[s] of state court[s].'" Id. (alterations in original) (quoting Kimball v. The

6

Florida Bar, 632 F.2d 1283, 1284 (5th Cir. 1980)).

Here, Plaintiff's complaint, in essence, asks the court to decide whether the state court acted without jurisdiction, an issue "inextricably intertwined" with his conviction. Plaintiff alleges that Judge Leedy and Assistant District Attorney Davidson violated his constitutional rights by causing him to be charged with a misdemeanor in a court that lacked statutory jurisdiction to hear the charge. His only allegation against Koehn is that, in his capacity as the Austin County District Attorney, he failed to train and supervise Davidson, resulting in her initiating the criminal charge. This court is clearly without jurisdiction to entertain Plaintiff's challenges to his conviction. Accordingly, Defendants are entitled to summary judgment on these claims.

**B.    Judicial and Prosecutorial Immunity**

Even if Plaintiff's claims under Sections 1983 and 1985 were not barred by the Rooker-Feldman doctrine, his claims against Assistant District Attorney Davidson and Judge Leedy must be dismissed on the basis of judicial and prosecutorial immunity.

Absolute prosecutorial immunity shields prosecutors from "liability under § 1983 for their conduct in initiating a prosecution and presenting the State's case, insofar as that conduct is intimately associated with the judicial phase of the criminal process[.]" Burns v. Reed, 500 U.S. 478, 486 (1991) (citations and internal quotation marks omitted); see also Cousin v. Small, 325 F.3d 627, 631 (5th Cir. 2003). Plaintiff's allegations against Davidson clearly relate to conduct "intimately associated with the judicial

7

phase of the criminal process." Reed, 500 U.S. at 486. Accordingly, Plaintiff's claims against Davidson are barred by the doctrine of absolute prosecutorial immunity.

State court judges enjoy absolute judicial immunity from civil liability arising out of performance of their judicial duties, even if the judge fails to comply with the elementary principles of due process or the judge's exercise of authority is flawed by grave procedural errors. See Mireles v. Waco, 502 U.S. 9 (1991); Brandley v. Keeshan, 64 F.3d 196, 200 (5th Cir. 1995). A judge may be subject to liability "only when he has acted in the clear absence of all jurisdiction." Brandley, 64 F.3d at 200.

Plaintiff alleges that Judge Leedy acted "in the clear absence of all jurisdiction" because the county courts do not have jurisdiction over Class C misdemeanors, which are punishable by a fine not to exceed $500. This is not the case. A Texas county court at law has jurisdiction over all causes and proceedings prescribed by law for county courts. Tex. Gov't Code § 25.00003(a). Tex. Gov't Code ¶ 26.045 provides that "a county court has exclusive original jurisdiction of misdemeanors other than misdemeanors involving official misconduct and cases in which the highest fine that may be imposed is $500 or less." Tex. Code Crim. Proc. Art. 4.07 provides that a county court has "original jurisdiction of all misdemeanors of which exclusive original jurisdiction is not given to the justice court, and when the fine to be imposed shall exceed five hundred dollars."

"Although Article 4.07's language seems to limit the

8

jurisdiction of county courts to those cases in which the fine could exceed $500 and, thus, to exclude jurisdiction in cases in which the fine could not exceed $500, this interpretation was first rejected in 1878." Rodriguez v. State, 224 S.W.3d 783, 785 (Tex. App.–Eastland 2007, no pet.) (citing Solon v. State, 5 Tex. Ct. App. 301 (1878)). The Texas Court of Criminal Appeals has consistently applied this construction of the county court's jurisdiction since that time. See, e.g., Fouke v. State, 529 S.W.2d 772, 773 (Tex. Crim. App. 1975) ("The county court has concurrent original jurisdiction with justice courts and municipal courts in all prosecutions where a statute does not specifically exclude county court jurisdiction."). Accordingly, Judge Leedy did not act "in the clear absence of all jurisdiction" in Plaintiff's state court case. Therefore, Plaintiff's claims against Judge Leedy are barred by the doctrine of absolute judicial immunity.

## C.  Fraud on the Court Claim

Plaintiff also asserts a claim of fraud on the court and cites in support a Third Circuit case that discusses fraud on the court in reference to Fed. R. Civ. P. 60(b). See Herring v United States, 424 F.3d 384 (3$^d$ Cir. 2005).

When a party believes that its opponent has obtained a ruling through "fraud" or "misrepresentation," it may move for relief under Fed. R. Civ. P. 60(b)(3).   This motion must be made within  one year of the final judgment and must be brought in the court in which the judgment was rendered. Fed. R. Civ. P. 60(c)(1); Bankers Mortg. Co. v. United States, 423 F.2d 73, 78 & n.9 (5th Cir. 1970).
A savings clause states that "[t]his rule does not limit the power of

9

a court to entertain an independent action to . . . set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). Independent actions are "usually reserved for situations that do not meet the requirements for a motion under the Rule–because the fraud is not chargeable to an opposing party, because the movant seeks relief from a court other than the rendering court, or . . . because the one-year time limit on fraud-based Rule 60(b) motions has expired." 12 Moore's Federal Practice §60.81[1][a] ($3^d$ ed. 1997).

The Fifth Circuit has noted that "a substantial issue exists as to whether a Rule 60(b) independent action is an available mechanism for challenging a state court judgment." Carter v. Dolce, 741 F.2d 758, 760 n.2 (5th Cir. 1984). The court in Carter declined to resolve the issue. The only alleged misconduct identified by Plaintiff is the exercise of jurisdiction by the county court, which, as discussed above, was proper. Accordingly, Defendants are entitled to judgment as a matter of law on Plaintiff's fraud on the court claim.

**D.  Plaintiff's Motion for a More Definite Statement and Motion to Stay**

Fed. R. Civ. P. 12(e) provides that a motion for a more definite statement may be filed when "a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). The standard for evaluating a motion for a more definite statement is whether the pleading "is so excessively vague and ambiguous as to be unintelligible and as to prejudice the [party] seriously in attempting to answer it." Babcock & Wilcox Co. v. McGriff, Seibels & Williams, Inc., 235 F.R.D. 632, 633 (E.D. La. 2006) (quoting Advanced Comm. Techs., Inc. v. Li, No. 05 Civ. 4628, 2005 WL 3215222, at *3 (S.D.N.Y. Nov. 30, 2005). The court had no difficulty understanding Defendants' motion. The court finds that Plaintiff is not entitled to a more definite statement.

Plaintiff also moves to stay the proceedings on the basis that "it is apparent to the Plaintiff that the Judge . . . in this case

has willfully committed Treason against the Constitution of the United States." Plaintiff's motion is denied as wholly frivolous.

### IV. Conclusion

Based on the foregoing, the court **RECOMMENDS** that Defendants' Motion for Summary Judgment be **GRANTED** and Plaintiff's motion for summary judgment be **DENIED**. The court further **DENIES** Plaintiff's motion for a more definite statement and motion to stay.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 28th day of May, 2014.

Nancy K. Johnson
United States Magistrate Judge